IRA BLANCHARD *vs.* WILLIAM R. McKEY & another.

Suffolk. March 12. — July 29, 1878. COLT & SOULE, JJ., absent.

In an action by the mortgagee of personal property against the mortgagor's consignee, who, after the date of the mortgage, in good faith received the property and made an advance thereon, the defendant offered to show that the mortgage "was made with intent to defeat and defraud the creditors of the mortgagor, and to keep the property from coming into the hands of such creditors,·and that the plaintiff shared in this fraudulent intent;" also "that, at the time the mortgage was given, the mortgagor was insolvent, and was indebted to the plaintiff, and the mortgage was made with intent to prefer him, and the plaintiff knew this." *Held* 'hat a ruling, that the first offer was immaterial, was erroneous.

TORT for the conversion of a lot of leather and shoe stock.

At the trial in the Superior Court, before *Wilkinson*, J., the plaintiff put in evidence tending to show that on March 10, 1875, the property in question was owned by and in the posses-- sion of Knowlton and James, a firm doing business in Boston, who on that day mortgaged it to the plaintiff, to secure a preëx- isting debt and a sum of money then lent, the mortgagors having the right to " sell in the ordinary way of trade ; " that this mort- gage was duly recorded on the day it was given ; that on March 10 or 11, but not until after the mortgage was given, Knowlton and James were unable to meet their business paper, failed and subsequently went into bankruptcy ; that on May 1, 1875, the plaintiff demanded the property of the defendants, but they re- fused to give it up.

The defendants, who also did business in Boston, offered to show that on March 11, 1875, Knowlton and James consigned the goods to them, and that they, in good faith and without knowledge of the mortgage to the plaintiff, advanced $940 to Knowlton and James on the consignment.

The defendants also offered to show that the mortgage, under which the plaintiff claimed title, was made with intent to defeat and defraud the creditors of Knowlton and James, and to keep the property from coming into the hands of such creditors, and that the plaintiff shared in this fraudulent intent ; that, at the time the mortgage was given, Knowlton and James were insol- vent, and were indebted to the plaintiff, and the mortgage was made with intent to prefer him, and the plaintiff knew all this ; that within one month thereafter, Knowlton and James filed their voluntary petition in bankruptcy, and their bankruptcy proceedings are still pending ; that the defendants had no reason to believe, and did not believe, that the consignment to them was made with intent to interfere with or in any way evade the provisions and purposes of the bankrupt act ; and that on May 12, 1877, the assignees in bankruptcy of Knowlton and James made an assignment to the defendants of all their rights to the property in question.

The judge ruled that these facts would not entitle the defend- ants to defend against the plaintiff's claim ; and directed a ver dict for the plaintiff. The defendants alleged exceptions

*M. F. Dickinson, Jr. & J. Fox,* for the defendants.

*E. Avery,* (*C. S. Lincoln* with him,) for the plaintiff.

LORD, J. At the time the defendants made the advance, Knowlton and James were apparently in good credit. Such advance, made in good faith and in the belief that the consignors were solvent and with no contemplation of bankruptcy, would entitle the defendants to hold the same against the assignee of Knowlton and James in bankruptcy, should the firm afterwards be adjudged bankrupt. The defendants offered to prove that the mortgage to the plaintiff " was made with intent to defeat and defraud the creditors of Knowlton and James, and to keep the property from coming into the hands of such creditors, and that the plaintiff shared in this fraudulent intent." If this was so, the plaintiff, by such fraud, could acquire no title against the defendants, who, the next day, in good faith received the goods and made such advance upon them. This is elementary. It is to be observed that the offer is not simply to prove a voluntary conveyance without consideration, but to prove a fraudulent purpose, in which the plaintiff participated, to defraud creditors.

According to the bill of exceptions, we must understand that the presiding justice ruled such evidence to be immaterial.

We are not, however, without strong apprehension that the presiding judge understood the offer of proof to extend no further than to show that the mortgage to the plaintiff was fraudulent only as against an assignee in bankruptcy, by reason of its giving to the plaintiff a preference over other creditors under the bankrupt law. That is a very different question. The bill of exceptions shows that, beside such offer, the offer was, in terms, that the mortgage was made with intent to defeat the creditors of Knowlton and James, and to keep the property from coming into their hands, and that the plaintiff shared in this fraudulent intent. And we should be very strongly inclined to construe the subsequent offer, " that, at the time the mortgage was given, Knowlton and James were insolvent, and were indebted to the plaintiff, and the mortgage was made with intent to prefer him, and the plaintiff knew all this," as a limitation of the previous offer of a general fraudulent purpose to defeat creditors, except that the point is distinctly made, and was strongly urged by the defendants' counsel at the argument, that the ruling

went to the full extent of deciding that, if the mortgage was fraudulent and void at common law, such fact would be immaterial under the circumstances of this case. No suggestion was made by the plaintiff's counsel at the argument that such was not the true construction of the bill of exceptions. And though, as before stated, apprehensive that the presiding judge did not intend thus to rule, we think that, as the offer appears in the bill of exceptions, we are compelled to give to the ruling such construction.                                          *Exceptions sustained.*